# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Nathaniel Gold, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 1:19-cv-00308-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Vernetia Dozier, *Director*; County of Orangeburg; State of South Carolina | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on February 22, 2019 (ECF No. 13). The court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. For the reasons set out in the Report, the court **DISMISSES** *with prejudice* Petitioner Nathaniel Gold's Petition for Writ of Habeas Corpus ("Habeas Petition") (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 13 at 1–2.) Petitioner is a pretrial detainee in the Orangeburg County Detention Center waiting disposition of criminal charges in South Carolina state court. (ECF No. 1 at 1.) Petitioner alleges that the bench warrant on which he was arrested was "unlawfully signed." (*Id.*) On February 4, 2019, Petitioner, proceeding pro se and in forma pauperis, filed the instant Habeas Petition, challenging his detention. (*Id.* at 1–3.) On February 11, 2019, the Magistrate Judge entered an Order finding that "Petitioner's [Habeas] [P]etition is

subject to summary dismissal" under *Younger v. Harris*, 401 U.S. 37 (1971),[1] but provided Petitioner an opportunity "to correct the defects in his [H]abeas [P]etition by filing an amended [P]etition by February 25, 2019." (ECF No. 8 at 5.) The Order also informed Petitioner that "[i]f [he] fail[ed] to file an amended petition or fail[ed] to cure the deficiencies identified above, the court will recommend to the district court that the case be dismissed." (*Id.*) Petitioner filed an Amended Habeas Petition on February 20, 2019. (ECF No. 10.)

The Magistrate Judge entered her Report on February 22, 2019. (ECF No. 13.) The Magistrate Judge found

> Petitioner's [A]mended [Habeas] [P]etition fails to correct the deficiencies outlined in the February 11, 2019 [O]rder. Petitioner has failed to allege facts sufficient to meet the *Younger* test, as he has not shown that he does not have an adequate remedy at law and that he will suffer irreparable injury if denied equitable relief.

(*Id.* at 5.) Therefore, the Magistrate Judge recommends dismissing this action with prejudice. (*Id.* at 5–6 (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015)).)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District Court of South Carolina. The Magistrate Judge only makes a recommendation to this court; the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This court engages in a de novo review of those portions of the Report and Recommendation to which the parties have

---

[1] Absent a few extraordinary exceptions, *Younger* mandates that a federal court abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges.

*Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (footnote omitted).

made specific objections. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

On February 22, 2019, as part of the Report, the Magistrate Judge notified the parties of their right to file objections by March 8, 2019. (ECF No. 13 at 7.) Neither of the parties filed any objections to the Report by this date. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendations without modification. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Absent objections, the court must only ensure that there is no clear error on the face of the record in order to accept the recommendations. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). If a party fails to file specific, written objections to the Report, the party forfeits the right to appeal the court's decision concerning the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Accordingly, since none of the parties filed any objections to the Report, and the court observes no clear error on the face of the record, the court accepts the Magistrate Judge's Report. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in this case. Accordingly, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 13) and incorporates it herein by reference. For the reasons set out in the Report, the court

**DISMISSES** *with prejudice* Petitioner's Habeas Petition and Amended Habeas Petition (ECF Nos. 1, 10).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 23, 2019
Columbia, South Carolina

4